## GRAFTON.

------

## LAUTEN *v.* ALLENSTOWN.

After the governor appoints an agent to furnish liquors to town agents, according to Gen. St., c. 99, and duly notifies them, towns are not liable for liquors purchased by such agents of others.

ASSUMPSIT, for spirituous liquors, alleged to have been sold by the plaintiff to the defendants, on May 6 and 11, 1876. The plaintiff, when the sales were made, was licensed to sell spirituous liquors in Massachusetts.

One James W. Fife was duly appointed agent of the defendant town for the purchase and sale of spirituous liquors in said town, to be purchased according to the laws of this state. The appointment was duly recorded. Fife, being agent as aforesaid, purchased the liquors on the days named without the knowledge of the defendants, and the liquors were sent to Fife, who sold them and kept the proceeds. The plaintiff, when the sales were made, was not an agent appointed by the governor of the state, under the provisions of Gen. Sts., c. 99. One Sprague was then such agent, and due notice of his appointment had been given to the several town agents in the state. The questions of law raised by the case were reserved.

*Page*, for the plaintiff.

*Mugridge*, for the defendants.

BINGHAM, J. The defendants have not ratified the sales, and their

liability depends upon the question of Fife's authority to pledge their credit to the plaintiff for the liquors.

Prior to the passage of the General Statutes, a town, through its agent, could buy all kinds of liquor of any person with whom it could trade. Laws of 1855, *c.* 1658, *s.* 8.; Laws of 1858, *c.* 2080, *s.* 3; *Butler* v. *Northumberland,* 50 N. H. 36. The authority of town agents to purchase liquors was materially changed by the General Statutes. By *s.* 1, *c.* 99, it was made the duty of the governor to appoint one or more suitable persons to furnish pure liquors to town agents ; and by *s.* 3 of the same chapter, it is provided, that, upon such appointment, the governor shall notify such agents thereof, and that they thereafter shall purchase of the persons so appointed, and no others, all spirituous liquors required for sale in their towns. The statute now expressly prohibits town agents from purchasing of any person not appointed by the governor, after an appointment has been made and the required notice of it given to such agents.

The appointment of Fife made him the defendants' agent for the purchase and sale of spirituous liquors, agreeably to the laws of this state. The governor had appointed a suitable person to furnish pure liquors to town agents under section one, and had given the notice thereof required by section three. The plaintiff was not a person appointed by the governor to furnish pure liquors to the town agents. The purchases were not according to the laws of this state, and Fife had not the authority to make them upon the defendants' credit.

It is said, however, that Fife was a general agent for the purchase and sale of spirituous liquors in the defendant town, and that the plaintiff was not bound to know of the limitation of his right to purchase. A sufficient reply to this is, that Fife's appointment was duly recorded in the town records, and the plaintiff had constructive notice of what was contained in it. Fife, in the appointment, was limited in his right to purchase by the laws of the state. The plaintiff was put upon his inquiry as to the laws of the state by the reference to them in the appointment. He was also presumed to know the law, and to know that it was the duty of the governor to appoint a suitable person to furnish pure liquors, and to give notice of the same to the town agents, and that thereafter such agents had no authority to purchase of him ; and knowing the law, and the duty of the governor under it, he was put upon inquiry as to whether the governor had done his duty and complied with the law. We think that if the plaintiff had made reasonable inquiry he might have learned the facts stated in the case. *Backman* v. *Charlestown,* 42 N. H. 134; *Hill* v. *Spear,* 50 N. H. 253, 261.

*Case discharged.*

ALLEN, J., did not sit.